CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 20 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| COREY L. SANDERS, | CASE NO. 7:16CV00151 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| C. RATLEDGE, WARDEN, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Corey L. Sanders, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Sanders asserts that as an active duty military officer, he was wrongfully tried in the United States District Court for the Eastern District of Michigan, rather than facing a court martial. After review of Sanders' petition, the court concludes that it must be summarily dismissed without prejudice for failure to state a claim under § 2241.[2]

I.

According to court records available online, as well as exhibits attached to Sanders' petition, an information was filed in the United States District Court for the Eastern District of Michigan on August 1, 2011, charging Sanders with one federal felony count of possession of a firearm as a convicted felon. That same day, Sanders pleaded guilty, pursuant to a written plea agreement under Rule 11(c)(1)(C), agreeing to a sentence of 120 months in prison. Judgment was entered on November 28, 2011, and Sanders did not appeal. Over three years later, Sanders filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in the

---

[1] A petition under § 2241 must be brought in the district court with jurisdiction over the petitioner's custodian. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Sanders is currently confined at the United States Penitentiary in Lee County, Virginia ("USP-Lee"), located within the territorial jurisdiction of this court.

[2] See Rules 1(b) and 4 of the Rules Governing § 2254 Cases (allowing summary dismissal of habeas petitions when it is clear from the face of the submissions that petitioner is not entitled to relief).

sentencing court that was dismissed as untimely under 28 U.S.C. § 2255(f). See United States v. Sanders, Civil Case No. 15-11547, 2016 WL 319524 (E.D. Mich. Jan. 27, 2016). Sanders did not appeal this dismissal.

Sanders signed and dated his current petition under § 2241 on March 27, 2016. He states that after he joined the United States Army in 2002, he had a difficult time adjusting to protocol. Shortly thereafter, he was diagnosed with "PTSD/TBI/Behavioral health [problems] preexisting to service." (Pet. 8.) He asserts that he was "invalidly discharged from service in 2003," without receiving a physical, mental health treatment, discharge pay, or a "valid discharge document of separation." (Id.) His 2005 application for Veterans Benefits was denied.

Sanders contends that, because he was never properly discharged, he is still on active duty with the Army and should thus have had a court martial in a military court instead of having a criminal trial in federal court. He also challenges the validity of his criminal sentence, since it has been calculated under civilian sentencing guidelines and Bureau of Prison procedures. In essence, Sanders argues that the district court in Michigan had no jurisdiction to impose the conviction and sentence. As relief, Sanders asks this court to vacate the judgment under § 2241 and to order his release from prison so that he may turn himself over to the Veterans Administration in Roanoke.

II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective" in this context. See In re

2

Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Sanders offers no reason that he could not have raised his current jurisdictional challenge during trial, on direct appeal, or in his § 2255 motion. Moreover, his petition does not point to any recent change of substantive law rendering lawful his offense conduct, possession of a firearm after being convicted of a felony, and the court is not aware of any such change in the legal landscape. Therefore, Sanders fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction or sentence, his claims cannot be addressed under § 2241, and this petition must be transferred or dismissed.

Claims challenging the legality of a federal conviction and sentence would normally be raised in a § 2255 motion in the district court that imposed them, and this court could liberally construe Sanders' pleading as a § 2255 motion and transfer it. It is clear from Sanders' submissions and court records, however, that he previously filed a § 2255 motion challenging the conviction and sentence at issue. Therefore, he cannot pursue a second or successive § 2255 motion without obtaining certification from the United States Court of Appeals for the Sixth Circuit. Sanders has not provided that certification. Accordingly, the court cannot find that the interest of justice warrants construction of Sanders' petition as a § 2255 motion to be transferred to the district court in Michigan. Instead, the court will dismiss the petition without prejudice for

failure to state any claim for relief under § 2241.[3] A corresponding final order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 20th day of April, 2016.

                                               Chief United States District Judge

---

[3] In any event, it appears that Sanders' current claims lack factual support. Sanders' submissions indicate that he was discharged from the Army, but has recently pursued administrative remedies within the military, seeking to change the nature of that discharge. An Army Discharge Review Board ("ADRB") Case Report and Directive states that Sanders received a general discharge from the Army under honorable conditions, based on a pattern of minor misconduct incidents. After offering a detailed review of Sanders' 2015 applications for discharge review, this ADRB states: "The record confirms the applicant's discharge was appropriate [based on] the quality of his service" conduct. (Pet. Ex. A-1, ECF No. 1-1.) The report also states that Sanders' "discharge was consistent with the procedural and substantive requirements of the regulation, was within the discretion of the separation authority and the applicant was provided full administrative due process." (Id.) Based on this information, the court finds no evidence that Sanders' past military service or the nature of his discharge from the Army had any bearing on the district court's jurisdiction to try, convict, and sentence him for a federal criminal offense.

4